Thomas CIPOLLONE, individually and as Executor of the Estate of Rose Cipollone, Plaintiffs,

v.

LIGGETT GROUP, INC., a Delaware Corporation, Philip Morris, Inc., a Virginia Corporation, and Loews Theatre, Inc., a New York Corporation, Defendants.

Civ. No. 83–2864 (HLS).

United States District Court, D. New Jersey.

Sept. 11, 1992.

## MEMORANDUM OPINION

SAROKIN, District Judge.

In light of the recent decision of the Third Circuit Court of Appeals in *Haines v. Liggett Group*, 975 F.2d 81 (3d Cir.1992), and its obvious applicability to the above entitled matter, I have determined to recuse myself voluntarily in this matter as well.[1] I sincerely believe that all of the rulings that I have made in these cases involving the tobacco industry have been based upon the evidence presented to me over a decade, and not upon any predisposition or bias regarding any of the parties.

The Court of Appeals has determined that my most recent decision in the *Haines* case does not maintain "the appearance of impartiality." The issue presented to me required that I determine whether there was evidence of fraud and misrepresentation, and I made that determination and found that there was. It is difficult for me to understand how a finding based upon the evidence can have the appearance of partiality merely because it is expressed in strong terms. But the Court of Appeals has ruled, and I am bound by its ruling no matter what my own views may be.

Despite my ten-year involvement in these cases, I am confident that any one of my colleagues can preside over these matters with equal or superior dedication and competence. However, I fear for the independence of the judiciary if a powerful litigant can cause the removal of a judge for speaking the truth based upon the evidence, in forceful language that addresses the precise issues presented for determination. If the standard established here had been applied to the late Judge John Sirica, Richard Nixon might have continued as President of the United States. I recuse myself in the above entitled matter, not because of any bias or lack of impartiality, but out of my profound respect for the law and our judicial system.

SO ORDERED.

---

1. I have never before written an opinion in the first person, because I believed that I was speaking for the court and not myself. However, since the issue presented involves my own integrity and impartiality, by necessity I must speak for myself.